UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JEAN BROWN,

      Plaintiff,

v.                                                                      Case No. 8:22-cv-856-CPT

KILOLO KIJAKAZI,
Acting Commissioner of the Social
Security Administration,

      Defendant.
_____/


**O R D E R**

Before the Court is the Plaintiff's unopposed motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA or the Act). (Doc. 22). For the reasons discussed below, the Plaintiff's motion is granted.

I.

The Plaintiff initiated this action in April 2022 seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits. (Doc. 1). In September 2022, the Commissioner moved for the entry of a judgment in the Plaintiff's favor and asked that the action be remanded in accordance with sentence four of 42 U.S.C. § 405(g). (Doc. 19). The Court granted that request (Doc. 20), and the Clerk of Court entered Judgment for the Plaintiff shortly thereafter (Doc. 21). The

instant motion, filed in mid-December 2022 and unopposed by the Commissioner, followed.  (Doc. 22).

II.

A.

The EAJA authorizes a court to grant attorney's fees to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist which make such an award unjust.  28 U.S.C. § 2412(d).  To warrant an award of attorney's fees under the Act, three conditions must be met: (1) a party must file a fee application within thirty days of the final judgment; (2) a party must qualify as the prevailing party and her net worth must not have exceeded $2,000,000 at the time she commenced the action; and (3) the government's position must not have been substantially justified and there must be no other special circumstances that would render such an award unjust.  *Id.*; *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666–67 (11th Cir. 1990)).

Each of these conditions has been satisfied here, as the Commissioner effectively acknowledges by her lack of opposition.  Thus, a grant of attorney's fees pursuant to the EAJA is appropriate in this matter.

In assessing the fee amount to be authorized, courts look to subsection 2412(d)(2)(A), which provides, in pertinent part:

2

> The amount of fees [to be] awarded [to the prevailing party in any civil action brought against any agency or any official of the United States] shall be based upon [the] prevailing market rates for the kind and quality of the services furnished, except that . . . attorney['s] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

As reflected by this statutory language, an analysis of the proper hourly rate under the Act consists of two steps.  First, a court must ascertain the market rate for similar services provided by lawyers of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992) (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).  Second, if the prevailing market rate is more than $125 per hour, a court must decide whether to adjust the hourly rate for an increase in the cost of living or some special factor.  *Id.* at 1033–34.

The market rate during the relevant period for the type of work at issue in this case is not subject to precise calculation.  In the Court's experience, counsel submitting EAJA fee petitions for services performed since 2020 have typically sought hourly rates exceeding $200.  As a result, the hourly rate charged by competent attorneys in this market has, for some time, surpassed the statutory cap of $125.  The Court is not alone in this observation.  *See, e.g.*, *Burke v. Comm'r of Soc. Sec.*, No. 8:21-cv-1267-MSS-SPF, (Doc. 25) (M.D. Fla. Apr. 25, 2022), *report and recommendation adopted*, (Doc. 26) (M.D. Fla. May 23, 2022); *Chartier v. Comm'r of Soc. Sec.*, 2022 WL 1289335, at *2

(M.D. Fla. Apr. 29, 2022); *Britt v. Comm'r of Soc. Sec.*, 2022 WL 358674, at \*2 (M.D. Fla. Jan. 27, 2022), *report and recommendation adopted*, 2022 WL 356218 (M.D. Fla. Feb. 7, 2022); *Bragg v. Comm'r of Soc. Sec.*, 2021 WL 2226587, at \*1 (M.D. Fla. June 2, 2021); *Beacham ex rel. Beacham v. Comm'r of Soc. Sec.*, 2020 WL 8083591, at \*1 (M.D. Fla. Nov. 19, 2020), *report and recommendation adopted*, 2021 WL 82845 (M.D. Fla. Jan. 11, 2021). The Court therefore finds it appropriate to deviate upwardly from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely compute cost of living adjustments under the Act by using the Bureau of Labor Statistics's Consumer Price Index (CPI). *See, e.g.*, *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, at \*1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. 2009); *Morrison v. Astrue*, 2010 WL 547775, at \*2 (S.D. Fla. Feb. 12, 2010);[1] *see also Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting various circuit court opinions utilizing the CPI to evaluate hourly rate adjustments). Given this case law, the Court finds it reasonable to employ the CPI as a guide for determining cost of living increases under the EAJA. *See* U.S. DEP'T OF LABOR, BUREAU OF LABOR STATISTICS, https://data.bls.gov/cgi-bin/surveymost?bls (last visited Dec. 21, 2022).

Here, the Plaintiff seeks $7,985.27 in attorney's fees predicated upon a total of 34.4 hours expended in this action in 2022 by her lawyer, Erik Berger, at the hourly

---

[1] For a discussion of the CPI data employed by many courts in this Circuit, as well as an explanation of the cost of living adjustment calculation, see *Sensat v. Berryhill*, 2018 WL 5257143, at \*6 n.12 (S.D. Fla. Oct. 22, 2018).

rate of $232.13.  (Doc. 22).[2]  To buttress her fee request, the Plaintiff submits, *inter alia*, an itemized schedule of the services Mr. Berger rendered in the case.  (Doc. 22-1).  The Commissioner does not object to the Plaintiff's calculated fee figure.

In light of the Commissioner's lack of opposition, as well as the Court's own knowledge and experience in addressing fee matters, the Court finds that the total number of hours and the hourly rate claimed by counsel are both reasonable and adequately supported.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988); *Barreras v. Comm'r of Soc. Sec.*, 2021 WL 3934269, at *3 (M.D. Fla. Aug. 2, 2021), *report and recommendation adopted*, 2021 WL 3930507 (M.D. Fla. Sept. 2, 2021).  The Plaintiff is thus entitled to $7,985.27 in attorney's fees.

### B.

In addition to her fee request, the Plaintiff asks that she be permitted to recover the $402 cost she incurred to initiate this action.  (Doc. 22 at 4).  The Commissioner does not oppose this request either.

Numerous courts in this District have determined that filing fees are a compensable cost under the EAJA.  *See, e.g.*, *Tocco v. Comm'r of Soc. Sec.*, 2022 WL 16947863, at *2 (M.D. Fla. Nov. 14, 2022) (finding the claimant's filing fee recoverable under the Act), *report and recommendation adopted*, 2022 WL 16954494 (M.D. Fla. Nov. 15, 2022); *Decardenas v. Acting Comm'r of Soc. Sec.*, 2022 WL 4125049, at *2 (M.D. Fla.

---

[2] Mr. Berger represents that he spent 36.4 hours representing the Plaintiff before this Court but that, "[t]hrough negotiation[s] with [the Commissioner]," his client agreed to reduce her request to 34.4 hours.  (Doc. 22 at 3).

Aug. 9, 2022) (same); *Perry v. Comm'r of Soc. Sec.*, 2020 WL 4193515, at *2 (M.D. Fla. July 21, 2020) (same).   That said, a number of courts have concluded that unlike attorney's fees and expenses, which are paid by the Social Security Administration, filing fees and other such covered costs are "reimbursed from the judgment fund administered by the Department of the Treasury."   *Rosenthal v. Kijakazi*, 2021 WL 4066820, at *1 (M.D. Fla. Aug. 17, 2021) (quoting *Walker v. Astrue*, 2010 WL 2572519, at *1 (N.D. Fla. June 1, 2010), *report and recommendation adopted*, 2010 WL 2572517 (N.D. Fla. June 22, 2010)), *report and recommendation adopted*, 2021 WL 4060304 (M.D. Fla. Sept. 7, 2021); *see also Selby v. Kijakazi*, 2022 WL 1205626, at *3 (N.D. Fla. Feb. 10, 2022), *report and recommendation adopted*, 2022 WL 1204129 (N.D. Fla. Apr. 22, 2022).   Based upon these decisions, the Court finds that the Plaintiff is authorized to recover the $402 filing fee from the judgment fund.   *See* 31 U.S.C. § 1304.

III.

For the reasons set forth above, it is hereby ORDERED:

1.      The Plaintiff's unopposed motion for attorney's fees and costs pursuant to the EAJA (Doc. 22) is granted.

2.      The Plaintiff shall be awarded attorney's fees in the amount of $7,985.27. In accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010), the Commissioner's remittance of this sum shall be made payable to the Plaintiff.   If the Commissioner concludes that the Plaintiff does not owe any debt to the government, the Commissioner may honor an assignment of fees to the Plaintiff's lawyer.

3.      The Plaintiff shall also be awarded costs in the amount of $402, which

sum shall be paid from the judgment fund pursuant to 31 U.S.C. § 1304.

SO ORDERED in Tampa, Florida, this 22nd day of December 2022.


HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record